David Mara, Esq. (230498)
Tony Roberts, Esq. (315595)
**MARA LAW FIRM, PC**
2650 Camino Del Rio North, Suite 205
San Diego, California 92108
Telephone: (619) 234-2833
Facsimile: (619) 234-4048
Email(s): dmara@maralawfirm.com
          troberts@maralawfirm.com

Hunter Pyle, Esq. (191225)
Vincent Chen, Esq. (311883)
**HUNTER PYLE LAW**
428 Thirteenth Street, Eleventh Floor
Oakland, California 94612
Telephone (510) 444-4400
Facsimile: (510) 444-4410
Email(s): hunter@hunterpylelaw.com
          vchen@hunterpylelaw.com

Attorneys for DENSON M. SALES and ANDRE CLEMONS on behalf of themselves, all others similarly situated, and on behalf of the general public.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENSON M. SALES; ANDRE CLEMONS on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED ROAD SERVICES, INC.; URS MIDWEST, INC.; and DOES 1-100.,<br><br>Defendants. | Case No. 19:cv-08404-JST<br><br>**FIRST AMENDED COMPLAINT**<br><br>**1) Failure to Pay All Straight Time Wages at Statutory Minimum Wage;**<br>**2) Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8 § 11090);**<br>**3) Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090);**<br>**4) Failure to Reimburse/Illegal Deductions (Lab. Code §§ 221, 2802, Cal. Regs., tit. 8, § 11090(8));**<br>**5) Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.);**<br>**6) Knowing and Intentional Failure to Properly Itemize Wage Statements (Lab. Code § 226;**<br>**7) Failure to Timely Pay all Wages Owed at Termination (Lab. Code. § 203); and**<br>**8) Violations of California's Private Attorneys General Act ("PAGA") (Lab. Code 2699, et seq.).**<br>        **DEMAND FOR JURY TRIAL** |

Plaintiff DENSON M. SALES and ANDRE CLEMONS (collectively referred to herein as "Plaintiffs") on behalf of themselves, all others similarly situated, and on behalf of the general public, complain of Defendants UNITED ROAD SERVICES, INC. and URS MIDWEST, INC. (collectively referred to herein as "Defendants" or "URS") and for causes of action and alleges:

1.    This is a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiffs and all non-exempt, truck workers, truck drivers, drivers, or similar job designations who are presently or formerly employed by Defendants and/or their subsidiaries or affiliated companies and/or predecessors within the State of California, and who Defendants misclassify as independent contractors.

2.    By misclassifying Plaintiffs and members of the proposed class as independent contractors Defendants have sought to avoid their legal obligations as "employer" of Plaintiffs under the California Labor Code. Pursuant to their misclassification of Plaintiffs and members of the proposed class, Defendants have sought to avoid and have violated their duty to provide meal and rest periods and pay all wages owed for all hours worked. Defendants misclassification regime has also resulted in Plaintiffs having to shoulder the burden of paying massive amounts of business expenses that, as employers, Defendants would otherwise be obligated to pay. For instance, under Defendants' misclassification scheme, Plaintiffs must pay substantial sums for various forms of insurance coverage, vehicle maintenance, operation and damage costs, fuel, and other business-related expenses that, as legal employers, Defendants are obligated to pay and/or reimburse Plaintiffs for.

3.    Defendants may not lawfully avoid these legal obligations by labeling workers like Plaintiffs as "independent contractors," when the nature of that engagement is an employment one.

4.    At all times mentioned herein, the common policies and practices of Defendants were a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.    For at least four (4) years prior to the filing of this action and through to the present,

Defendants have had a consistent policy and/or practice of not paying Plaintiffs and members of the proposed class for all of the hours they worked.

6.    Due to its misclassification scheme, Defendants have not provided Plaintiffs and members of the proposed class with meal and/or rest periods. Defendants do not have policies that provide Plaintiffs with meal periods that comply with California law. Under the umbrella of their misclassification scheme, Defendants fail to provide meal and rest breaks wherein Plaintiffs are relieved of all control and off-duty for thirty-minutes (meal periods) and ten-minutes (rest periods). Also motivated by their misclassification of Plaintiffs, Defendants do not pay Plaintiffs one hour of pay at each Plaintiff's regular rate of pay for each day Defendants do not provide a meal and/or a rest period in accordance with California law.

7.    For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiffs and members of the proposed class, accurate itemized employee wage statements. Defendants' actions in this regard are willful because it has willfully failed to provide properly itemized wage statements to Plaintiffs because Defendants have deliberately and willfully misclassified Plaintiffs as independent contractors.

8.    For at least four (4) years prior to the filing of this action and through to the present, Defendants and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiffs and members of the proposed class who left Defendants employ or who were terminated.

9.    For at least four (4) years prior to the filing of this action and through to the present, Defendants, by failing to lawfully pay Plaintiffs and members of the proposed class all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the California Business and Professions Code section 17200, *et seq.*

10.    Throughout the statutory period, Plaintiffs and members of the proposed class were not

provided all straight time wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the California Labor Code, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

11.   Throughout the statutory period, Plaintiffs and members of the proposed class, were not timely paid all wages owed to them at the time of termination.

12.   Defendants are and were aware that Plaintiffs and members of the proposed class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendants' denial of wages and other compensation due to Plaintiffs and members of the proposed class was willful and deliberate.

## I.   JURISTDICTION AND VENUE

13.   On April 6, 2020, Defendants removed this action to the above-captioned Court under the Class Action Fairness Act of 2005 ("CAFA"). Venue as to each Defendant is proper in this judicial district. Defendants conduct business and commit Labor Code violations within California and Alameda County. The unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated members of the proposed class within the State of California and within Alameda County. Defendants employ numerous Class members who work in Alameda County, and throughout in California.

## II.   PARTIES

### A.   Plaintiffs

14.   At all relevant times, herein, Plaintiff DENSON M. SALES is and was a resident of California. Plaintiff DENSON M. SALES was employed by Defendants within the last four (4) years as a truck driver who contracted with Defendants in California and performed work in California. Plaintiff SALES sues on behalf of himself and all other drivers who contracted with Defendants in California and performed work in California at any time within the four-year period of time that precedes the filing of this complaint to the present and ongoing.

15.   At all relevant times, herein, Plaintiff ANDRE CLEMONS is and was a resident of California. Plaintiff ANDRE CLEMONS was employed by Defendants within the last

four (4) years as a truck driver who contracted with Defendants in California and performed work in California. Plaintiff CLEMONS sues on behalf of himself and all other drivers who contracted with Defendants in California and performed work in California at any time within the four-year period of time that precedes the filing of this complaint to the present and ongoing.

16.   Plaintiffs performed work for Defendants in the state of California and within the county of Alameda.

**B.    Defendants**

17.   Defendants UNITED ROAD SERVICES, INC. and URS MIDWEST, INC. are a trucking companies specializing in hauling vehicles throughout the country, including California. Defendants own and operate terminals in the state of California and dispatch drivers like Plaintiffs and those similarly situated drivers to haul vehicles throughout the State of California, including this venue.

18.   Despite misclassifying drivers as independent contractors, Defendants were the employers of Plaintiffs and the class and subclasses they seek to represent. Plaintiffs and those similarly situated drivers work under the control and direction of Defendants in connection with the performance of work, both under the contract for hire for the performance of work and for the performance of work in fact. Plaintiffs and those similarly situated drivers do not perform work that is outside Defendants' usual course of business, and Defendants retain the right to control Plaintiffs' and the Class Member's work details. The work performed by Plaintiffs and those similarly situated constitute the integral, if not the essential, part of Defendants' business of vehicle transportation. As such, Defendants are the employers of Plaintiffs and those similarly situated and owe them the statutory protections the California Labor Code affords employees, such as the right to compliant meal and rest periods, the payment of wages for all hours worked, properly itemized wage statements, and the payment of all wages owed at the time of termination, and reimbursement of all business related expenses.

19.   Defendants retain the right to control the manner and means of accomplishing the desired

1    result of hauling vehicles to Defendants' customers.

2    20.    Defendants, not Plaintiff or the proposed Class Members, set the prices for its loads.

3    21.    Defendants, not Plaintiff or the proposed Class Members, set the duration of time the

4    contract for hire is to be in effect.

5    22.    Plaintiffs and the proposed class haul to Defendants' customers.

6    23.    Defendants' principal place of business is in the State of California.

7    24.    The true names and capacities, whether individual, corporate, associate, or otherwise, of

8    Defendants DOES 1-100, inclusive, are presently unknown to Plaintiffs, who therefore

9    sues these Defendants by such fictitious names under California Code of Civil Procedure

10    section 474. Plaintiffs are informed and believe, and based thereon allege, that each of the

11    Defendants designated herein as a DOE is legally responsible in some manner for the

12    unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this

13    Complaint to reflect the true names and capacities of the Defendants designated

14    hereinafter as DOES when such identities become known.

15    25.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant and/or

16    DOE acted in all respects pertinent to this action as the agent of the other Defendants

17    and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent

18    hereto, and the acts of each Defendant and/or DOES are legally attributable to the other

19    Defendants and/or DOES.

20    ### III.    CLASS ACTION ALLEGATIONS

21    26.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a

22    class action pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a

23    Class composed of and defined as follows:

24    All individuals who signed Independent Contractor Service

25    Agreements with URS and worked as Truck Drivers for URS in

26    California in service of those Independent Contractor Service

27    Agreements at any time during the Class Period ("Driver Class

28    Members").

Plaintiffs also seek to represent the following Subclasses composed of and defined as follows:

>    All Driver Class Members who worked one (1) or more shifts in
>    excess of five (5) hours.

>    All Driver Class Members who worked one (1) or more shifts in
>    excess of six (6) hours.

>    All Driver Class Members who worked one (1) or more shifts in
>    excess of eight (8) hours.

>    All Driver Class Members who worked one (1) or more shifts in
>    excess of ten (10) hours.

>    All Driver Class Members who worked one (1) or more shifts in
>    excess of twelve (12) hours.

>    All Driver Class Members who worked one (1) or more shifts in
>    excess of two (2) hours.

>    All Driver Class Members who worked one (1) or more shifts in
>    excess of three (3) hour and one-half hours, but less than or equal
>    to six (6) hours.

>    All Driver Class Members who worked one (1) or more shifts in
>    excess of six (6) hours, but less than or equal to ten (10) hours.

>    All Driver Class Members who had to incur business expenses and

1    were not reimbursed.

2

3    All current and former Driver Class Members employed by

4    Defendants at any time from February 11, 2019, to the date the

5    Court enters an order certifying the class who did not receive from

6    Defendants wage statements that specifically itemize in accordance

7    with California Labor Code section 226 ("Wage Statement

8    Subclass Members")

9

10    All Driver Class Members whose employment with Defendants

11    terminated, either voluntarily or involuntarily, at any time between

12    February 11, 2017, to the date the Court enters an order certifying

13    the class. ("Waiting Time Penalties Subclass Members")

14    27.    Plaintiffs reserve the right under Federal Rules of Civil Procedure 15 and 23, to amend or

15    modify the Class description with greater specificity or further division into subclasses or

16    limitation to particular issues.

17    28.    This action has been brought and may properly be maintained as a class action under the

18    provisions of Federal Rule of Civil Procedure 23 because there is a well-defined

19    community of interest in the litigation and the proposed Class is easily ascertainable.

20    **A.**    **<u>Numerosity</u>**.

21    29.    The potential members of the Class and Subclasses as defined are so numerous that

22    joinder of all the members of the Classes is impracticable. While the precise number of

23    Class Members and Subclass Members have not been determined at this time, Plaintiffs

24    are informed and believe that Defendants employed during the liability period over three

25    hundred (300) Driver Class Members in California during the relevant period of the

26    statute of limitations.

27    30.    Upon information and belief, Plaintiffs allege that Defendants records will provide

28    information as to the number and location of all Class members. Joinder of all members

1    of the proposed Class is not practicable.

2    **B.**    **Commonality.**

3    31.    There are questions of law and fact common to the Class that predominate over any

4    questions affecting only individual Class members. These common questions of law and

5    fact include, without limitation:

6    (1)    Whether Defendants violated the California Labor Code

7    and/or applicable IWC Wage Orders in failing to pay Driver Class

8    Members all earned wages at the regular rate for all hours worked.

9    (2)    Whether Defendants violated Labor Code section 226.7,

10    IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders,

11    and/or California Code of Regulations, Title 8, section 11090, by failing to

12    authorize, permit, and/or provide rest periods to Driver Class Members for

13    every four (4) hours or major fraction thereof worked and/or failing to pay

14    said Driver Class Members one (1) hour of pay at their regular rate of

15    compensation for each workday that the rest period was not authorized,

16    permitted and/or provided.

17    (3)    Whether Defendants violated Labor Code section 226.7,

18    IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders,

19    and/or California Labor Code sections 512 and 226.7 by failing to provide

20    compliant meal periods.

21    (4)    Whether Defendants violated Labor Code sections 221 and

22    2802 by failing to reimburse Driver Class Members for necessary business

23    expenses they incurred.

24    (5)    Whether Driver Class Members have been misclassified as

25    independent contractors.

26    (6)    Whether Driver Class Members are employees of

27    Defendants.

28    (7)    Whether Driver Class Members are entitled to the

1    protections of the various provisions of the California Labor Code as

2    detailed herein.

3            (8)    Whether Driver Class Members' rights to the protections of

4    the various provisions of the California Labor Code as detailed herein

5    have been violated.

6            (9)    Whether Defendants failed to provide sufficiently itemized

7    wage statements to Wage Statement Subclass Members

8           (10)    Whether Defendants failed to timely pay Waiting Time

9    Penalties Subclass Members all wages at the time of termination.

10    32.    The answer to each of these respective questions will generate a common answer capable

11    of resolving class-wide liability in one stroke.

12    33.    Said common questions predominate over any individualized issues and/or questions

13    affecting only individual members.

14    **C.**    **<u>Typicality</u>**.

15    34.    The claims of the named Plaintiffs are typical of the claims of the proposed class and

16    subclasses they seek to represent.  Plaintiffs and all members of the proposed class and

17    subclasses sustained injuries and damages arising out of and caused by Defendants'

18    common course of conduct in violation of laws and regulations that have the force and

19    effect of law and statutes as alleged.

20    35.    Plaintiff DENSON M. SALES was subjected to the same uniform policies and/or

21    practices complained of herein that affected all such Driver Class Members. Thus,

22    because DENSON M. SALES was subjected to the same unlawful policies and practices

23    as all Driver Class Members, his claims are typical of the Class and subclasses he seeks

24    to represent for the failure to pay all minimum wages, provide meal and rest periods, and

25    for violations of the UCL.

26    36.    Plaintiff ANDRE CLEMONS was subjected to the same uniform policies and/or

27    practices complained of herein that affected all such Driver Class Members, Wage

28    Statement Subclass Members and Waiting Time Penalties Subclass Members

**D.**    <u>**Adequacy of Representation**</u>.

37.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class and subclasses.

38.    Plaintiffs are ready and willing to take the time necessary to help litigate this case.

39.    Plaintiffs have no conflicts that will disallow him to fairly and adequately represent and protect the interests of the members of the Class and subclasses.

40.    Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions.

41.    David Mara, Esq., Tony Roberts, Esq. of Mara Law Firm, PC are California lawyers in good standing and experienced in litigating wage and hour class actions such as this.

42.    Mr. Mara frequently authors amicus briefs in important appellate and California Supreme Court cases affecting workers in the State of California, which includes the following California Supreme Court cases: *Augustus v. ABM Security Servs.* (2016) 2 Cal.5th 257 and *Williams v. Superior Court* (decided July 13, 2017), *Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004; and *Frlekin v. Apple*, Cal. Sup. Case No. S243805.

43.    Mr. Mara has been appointed class counsel in numerous California wage and hour class actions such as this.

44.    Mara Law Firm, PC has the resources to take this case to trial and judgment, if necessary.

45.    Mara Law Firm, PC has the experience, ability, and ways and means to vigorously prosecute this case.

46.     Hunter Pyle, Esq. and Vincent Chen, Esq. of Hunter Pyle Law are California lawyers in good standing and experienced in litigating wage and hour class actions such as this.

47.    Mr. Pyle has been appointed class counsel in numerous California wage and hour class actions such as this.

48.    Hunter Pyle Law has the resources to litigate this case thoroughly and to take this case to trial and judgment if necessary.

///

**E.      Superiority of Class Action.**

49.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, failing to reimburse necessary business expenses, failing to provide adequate wage statements, failure to pay all wages owed timely at time of termination, and violations of California's Unfair Competition Law.

50.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

51.    Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

## IV.    CAUSES OF ACTION

**FIRST CAUSE OF ACTION AGAINST URS: Failure to Pay All Straight Time Wages at the Statutory Minimum**

52.    Plaintiffs and those similarly situated Driver Class Members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

53.    Defendants have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked.

54.    It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code

section 1197 prohibits the payment of less than the minimum wage. Labor Code section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

55. Throughout the Class Period, Labor Code section 1182.11-1182.13, 1194, 1197, and Wage Order No. 9 were in full force and effect and required that Defendants' non-exempt employees receive at least the minimum wage for all hours worked.

56. Plaintiffs and those similarly situated Class members were employed by Defendants as non-exempt hourly employees at all relevant times. Defendants were required to compensate Plaintiffs for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

57. Defendants have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked. Specifically, Defendants have not paid for all time employees worked throughout the day. Including, but not limited to rounding, time spent working before "shifts" start, after "shifts" end, and/or any other time in the day when the employees were performing work tasks, subject to the control of Defendants and/or otherwise had work duties.

58. Defendants have a continuous and consistent policy of not paying Plaintiffs and those similarly situated for all time worked.

59. Defendants also compensate employees at a flat rate of pay, which, like a salary, does not change based on the amount of hours required to complete the day's work. Thus, like a salary in California for a non-exempt employee, the flat rate cannot be construed to compensate Plaintiffs and the Driver Class Members for any hours worked in excess of eight daily hours or forty hours in a week.

60. Despite the fact that Plaintiffs and the Driver Class Members are exempt from overtime

under both state and federal law, they are not exempt from being paid the state's minimum hourly wage. Thus, as the flat rate does not compensate for anything, much less minimum wage, for the hours worked in excess of eight daily and 40 weekly.

61.    In addition, the flat daily rate fails to separately compensate for all tasks, such as loading, unloading, fueling, waiting time, etc. In failing to separately compensate for all hours worked at the statutory minimum wage, Defendants have violated California's minimum wage statute and is therefore liable.

62.    Due to the fact that Defendants charge Plaintiffs and the Driver Class Members for business-related expenses to carry out their duties, Defendants' off-sets result in Plaintiffs' hourly wage being less than the statutory minimum wage.

63.    As a direct result of Defendants' policy of illegal wage theft, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

64.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**SECOND CAUSE OF ACTION AGAINST URS: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order No. 9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

65.    Plaintiffs and those similarly situated Driver Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

66.    Under California Labor Code section 512 and IWC Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

67.    In addition, an employer may not employ an employee for a work period of more than ten

1    (10) hours per day without providing the employee with another meal period of at least

2    thirty (30) minutes.

3    68.    Under California Labor Code section 226.7, if the employer does not provide an

4    employee a meal period in accordance with the above requirements, the employer shall

5    pay the employee one (1) hour of pay at the employee's regular rate of compensation for

6    each workday that the meal period is not provided.

7    69.    Hiding behind its misclassification of Plaintiffs and the Driver Class Members as

8    independent contractors, Defendants do not provide thirty (30) minute, uninterrupted

9    meal periods to its Driver Class Members who worked for work periods of more than five

10    (5) consecutive hours. As such, Defendants require Driver Class Members to work over

11    five (5) consecutive hours at a time without being provided a thirty (30) minute

12    uninterrupted meal period within that time.

13    70.    Defendants failed to provide thirty (30) minute, uninterrupted meal periods to its Driver

14    Class Members for every five (5) continuous hours worked.

15    71.    Due to Defendants' internal pay policies and procedures applicable to Plaintiffs and the

16    Driver Class Members, Defendants do not provide duty-free/control-free thirty-minute

17    meal periods. Thus, Driver Class Members are unable to take meal periods.

18    72.    By failing to provide compensation for such unprovided or improperly provided meal

19    periods, as alleged above, Defendants willfully violated the provisions of Labor Code

20    sections 226.7, 512, and IWC Wage Order No. 9.

21    73.    As a result of Defendants' unlawful acts, Plaintiffs and the Class they seek to represent

22    have been deprived of premium wages, in amounts to be determined at trial, and are

23    entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees

24    and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 9-2001.

25    Plaintiffs and the Class they seek to represent did not willfully waive their right to take

26    meal periods through mutual consent with Defendants.

27    74.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

28    below.

**THIRD CAUSE OF ACTION AGAINST URS: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

75.    Plaintiffs and those similarly situated Driver Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

76.    Under IWC Wage Order No. 9, every employer shall authorize and permit all employees to take rest periods, "[t]he authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof." IWC Wage Order 9-2001(12). The time spent on rest periods "shall be counted as hours worked for which there shall be no deduction from wages." *Id.*

77.    Under California Labor Code section 226.7, if the employer does not provide an employee a rest period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

78.    At all relevant times, Defendants failed to authorize and/or permit rest period time based upon the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.

79.    Hiding behind its misclassification of Plaintiffs and the Driver Class Members as independent contractors, Defendants do not authorize and/or permit Driver Class Members to take ten-minute rest for every four hours worked or a major fraction thereof during the workday.

80.    Due to Defendants' internal pay policies and procedures applicable to Plaintiff and the Driver Class Members, Defendants do no authorize and/or permit Plaintiff and the Driver Class Members to take duty-free/control-free ten-minute rest periods. Thus, Driver Class Members are not authorized and permitted to take rest periods.

81.    By failing to provide compensation for such unprovided or improperly provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and IWC Wage Order No. 9.

82. As a result of Defendants' unlawful acts, Plaintiffs and the Class they seek to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 9-2001. Plaintiffs and the Class they seek to represent did not willfully waive their right to take rest periods through mutual consent with Defendants.

83. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**FOURTH CAUSE OF ACTION AGAINST URS: Reimbursement of Business Expenses (Lab. Code § 2802)**

84. Plaintiffs and those similarly situated Driver Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

85. California Labor Code section 2802 provides: "An employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer…[which includes] all reasonable costs, including, but not limited to, attorneys' fees incurred by the employee enforcing the rights granted by this section."

86. As a direct consequence of discharging their duties for Defendants and/or obeying Defendants' directions, Plaintiffs and the Driver Class Members have necessarily incurred expenses for which they have not been indemnified by Defendants, including the purchase and/or lease and depreciation of vehicles; fuel, maintenance, and other vehicle operating costs; various forms of insurance; costs associated with lost or damaged merchandise and other property damage; certain tools and equipment Defendants have required Plaintiffs and Driver Class Members to purchase or rent from Defendants' clients; other miscellaneous equipment including moving pads and blankets, dollies, hand tools, installation supplies, GPS navigational equipment, and cellular telephones; fees for payroll administration services; expenses associated with a cash bond or fund Defendants

1    require Plaintiffs and Driver Class Members to maintain; and attorneys' fees incurred to

2    enforce Plaintiffs' and the Driver Class Members' rights under Labor Code section 2802.

3    87.    Defendants have failed to indemnify or in any manner reimburse Plaintiffs and Driver

4    Class Members for these expenditures and losses.

5    88.    By requiring Plaintiffs and the Driver Class Members to pay expenses and cover losses

6    that they incurred in direct consequence of the discharge of their duties for Defendants

7    and/or in obedience of Defendants' direction, Defendants have violated and continues to

8    violate California Labor Code section 2802.

9    89.    As a direct and proximate result of Defendants' conduct, Plaintiffs and the Driver Class

10    Members have suffered substantial losses according to proof, as well as pre-judgment

11    interest, costs, and attorneys' fees for the prosecution of this action, which losses are

12    compensable under Labor Code section 2802.

13    90.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

14    below.

15    **FIFTH CAUSE OF ACTION AGAINST URS**: Violation of Unfair Competition Law (Bus.

16    **& Prof. Code § 17200**, *et seq.*)

17    91.    Plaintiffs and those similarly situated Driver Class members hereby incorporate by

18    reference each and every other paragraph in this Complaint herein as if fully plead.

19    92.    Defendants' failure to pay all straight time wages earned for all hours worked, failure to

20    provide compliant meal and/or rest breaks and/or compensation in lieu thereof, failure to

21    provide reimbursement for necessary business expenses, failure to properly itemize wage

22    statements, and the failure to pay all wages timely at time of termination is prohibited by

23    California Business and Professions Code section 17200, *et seq.*

24    93.    Defendants' actions of failing to pay Plaintiffs and members of the proposed Class in a

25    lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive

26    business practices, within the meaning of California Business and Professions Code

27    section 17200, *et seq.*

28    94.    Plaintiffs are entitled to an injunction and other equitable relief against such unlawful

practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiffs bring this cause individually and as members of the general public actually harmed and as a representative of all others subject to Defendants' unlawful acts and practices.

95.    As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiffs and the proposed Class they seek to represent. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiffs and the members of the proposed Class pursuant to Business and Professions Code section 17203. Plaintiffs are informed and believe, and thereon allege, that Defendants are unjustly enriched through their policy of not paying all wages owed to Plaintiffs and members of the proposed Class.

96.    Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the proposed class are prejudiced by Defendants' unfair trade practices.

97.    As a direct and proximate result of each Defendant's unfair business practices, Plaintiffs, individually and on behalf of all similarly situated individuals, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiffs and members of the proposed Class as a result of the business acts and practices described herein and the enjoinment of Defendants from engaging in the practices described herein.

98.    The illegal conduct alleged herein is continuing, and there is no indication that Defendants  will cease and desist from such activity in the future. Plaintiffs allege that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

99.    Plaintiffs further request that the Court issue a preliminary and permanent injunction prohibiting Defendants from continuing to misclassify Plaintiffs and the proposed class and subclasses in order to deplete them of the protections of the Labor Code and Wage Order.

100.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

1     below.

2     **SIXTH CAUSE OF ACTION AGAINST URS:**   **Wage Statement Penalties (Lab. Code §**

3     **226)**

4     101.     Plaintiffs and those similarly situated Driver Class members hereby incorporate by

5           reference each and every other paragraph in this Complaint herein as if fully plead.

6     102.     Labor Code section 226(a) requires employers semi-monthly or at the time of each

7           payment of wages to furnish each employee with a statement itemizing, among other

8           things, the total hours worked and wages earned by the employee. Labor Code section

9           226(e) provides that if an employer knowingly and intentionally fails to provide a

10           statement itemizing, among other things, the total hours worked by the employee, then

11           the employee is entitled to recover the greater of all actual damages or fifty dollars

12           ($50.00) for the initial violation and on hundred dollars ($100.00) for each subsequent

13           violation, up to a maximum of four thousand dollars ($4,000.00)

14     103.     Defendants knowingly and intentionally failed to furnish Plaintiffs and the other

15           members of the proposed class with timely, accurate, itemized wage statements showing

16           the actual total hours worked by each of them, as required by Labor Code section 226(a),

17           including time paid for rest breaks.

18     104.     Defendants knowingly and intentionally failed to furnish Plaintiffs and the other

19           members of the proposed class with wage statements that failed to comply with Labor

20           Code section 226(a), in that, Defendants failed to furnish wage statements that itemized

21           all deductions, net wages earned, inclusive dates of the pay period, the name of the

22           employee and last four digits of his or her social security number or employee ID

23           number, the name, address of the legal entity employing Plaintiffs and proposed class

24           members, and all piece-rate units earned and any applicable piece rate.

25     105.     Plaintiffs and other members of the proposed class and subclasses were damaged by these

26           failures because, among other things, they could not determine whether Defendants had

27           paid them all wages due.

28     106.     As a result, Defendants are liable to Plaintiffs and the proposed class and subclass

1    members for the amounts provided for in Labor Code section 226(e).

2    107.    Plaintiffs, on behalf of themselves and the proposed Wage Statement Subclass, request

3            wage statement penalties pursuant to Labor Code section 226(e) and relief as described

4            below.

5    **SEVENTH CAUSE OF ACTION AGAINST URS: Failure to Timely Pay all Wages Due at**

6    **Termination ("WAITING TIME PENALTIES") (Lab. Code § 203)**

7    108.    Plaintiff ANDRE CLEMONS and those similarly situated Waiting Time Penalties

8            Subclass members hereby incorporate by reference each and every other paragraph in this

9            Complaint herein as if fully plead.

10   109.    Plaintiff ANDRE CLEMONS terminated his employment with Defendants within the

11           statutory period.

12   110.    Defendants did not timely pay ANDRE CLEMONS straight time wages owed at the time

13           of his termination.

14   111.    Numerous members of the Class are no longer employed by Defendants. They were

15           either fired or quit Defendants' employ. Defendants did not timely pay all wages owed at

16           the time of their termination.

17   112.    Labor Code section 203 provides that, if an employer willfully fails to pay, without

18           abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and

19           205.5, any wages of an employee who is discharged or who quits, the wages of the

20           employee shall continue at the same rate, for up to thirty (30) days from the due date

21           thereof, until paid or until an action therefore is commenced.

22   113.    Defendants failed to pay Plaintiff ANDRE CLEMONS a sum certain at the time of his

23           termination or within seventy-two (72) hours of his resignation and have failed to pay

24           those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code

25           section 203, Plaintiff ANDRE CLEMONS is entitled to a penalty in the amount of his

26           daily wage, multiplied by thirty (30) days.

27   114.    When Plaintiff and those members of the Class who are former employees of Defendants

28           separated from Defendants' employ, Defendants willfully failed to pay all straight time

1    wages, owed at the time of termination.

2    115.    Defendants' failure to pay said wages to Plaintiff ANDRE CLEMONS and members of

3         the Waiting Time Penalties Subclass he seeks to represent, was willful in that each

4         Defendant knew the wages to be due, but failed to pay them.

5    116.    As a consequence of Defendants' willful conduct in not paying wages owed at the time of

6         separation from employment, Plaintiff ANDRE CLEMONS and members of the

7         proposed Class are entitled to thirty (30) days' worth of wages as a penalty under Labor

8         Code section 203, together with interest thereon and attorneys' fees and costs.

9    117.    WHEREFORE, Plaintiff ANDRE CLEMONS and the Class he seeks to represent request

10        relief as described below.

11   **EIGHTH CAUSE OF ACTION AGAINST URS MIDWEST, INC.: Violations of The**

12   **Private Attorneys General Act of 2004 ("PAGA") (Lab. Code § 2698, *et seq.*)**

13   118.    Plaintiff ANDRE CLEMONS and those similarly situated aggrieved employees hereby

14        incorporate by reference each and every other paragraph in this Complaint herein as if

15        fully plead.

16   119.    Plaintiff, by virtue of his employment with Defendant URS MIDWEST, INC., and within

17        one year of providing notice to the California Labor and Workforce Development

18        Agency ("LWDA") of Defendant URS MIDWEST, INC.'s failure to provide meal and

19        rest periods, failure to pay all wages for all work performed at the statutory minimum

20        rate, failure to pay all wages due at termination, failure to reimburse for all business

21        related expenses, knowing and intentional failure to furnish sufficiently itemized wage

22        statements, and willful failure to timely pay all wages owed at the time of termination, is

23        an aggrieved employee with standing to bring an action under the PAGA.

24   120.    Plaintiff ANDRE CLEMONS, as a representative of the people of the State of California,

25        will seek any and all penalties otherwise capable of being collected by the Labor

26        Commissioner and/or the Department of Labor Standards Enforcement (DLSE). This

27        includes each of the following, as set forth in Labor Code Section 2699.5, which provides

28        that Section 2699.3(a) applies to any alleged violation of the following Labor Code

FIRST AMENDED COMPLAINT                    22

1    provisions: Sections 201 through 203, 204, 205.5, 210, 221, 222, 223, 226, 226.7, 512,

2    558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, and 2802.

3    121.    Plaintiff ANDRE CLEMONS mailed to the LWDA his Notice of Labor Law Violations

4    pursuant to Labor Code section 2699.3(a)(1), with return receipt requested, on February

5    10, 2020.

6    122.    April 15, 2020, was sixty-five (65) days after that notice mailing. The LWDA did not

7    respond to the Notice on or before April 15, 2020. Therefore, Plaintiff ANDRE

8    CLEMONS has standing to file his PAGA claims on behalf of aggrieved employees and

9    the State of California in this Court.

10   123.    Plaintiff is informed and believes that Defendant URS MIDWEST, INC. has violated and

11   continues to violate provisions of the California Labor Code and applicable Wage Orders

12   related to meal and rest periods, minimum wages for all work performed, itemized wage

13   statements, all wages due at termination, and reimbursement for expenses incurred during

14   employment as detailed herein in the previous causes of action.

15   124.    Plaintiff ANDRE CLEMONS, as a personal representative of similarly situated aggrieved

16   employees, will and does seek to recover any and all civil penalties for each and every

17   violation shown to exist or to have occurred during the one-year period prior to February

18   10, 2020, in an amount according to proof, as to those penalties that are otherwise only

19   available to public agency enforcement actions.  Funds recovered will be distributed in

20   accordance with PAGA, with at least 75% of the penalties recovered being reimbursed to

21   the State of California and the Labor and Workforce Development Agency (LWDA).

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## V.     **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A.  That the Court determine that this action may be maintained as a class action;

B.  For compensatory damages, in an amount according to proof at trial, with interest thereon;

C.  For economic and/or special damages in an amount according to proof with interest thereon;

D.  For unpaid minimum wages, in an amount according to proof at trial, with interest thereon;

E.  For compensation for all time worked;

F.  For compensation for not being provided paid rest breaks;

G.  For compensation for not being provided meal periods;

H.  For business expense reimbursements incurred;

I.  That Defendants be found to have engaged in unfair competition in violation of sections 17200, *et seq.* of the California Business and Professions Code;

J.  That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to California Business and Professions Code sections 17203 and 17204;

K.  That an order of specific performance of all penalties owed be issued under Business and Professions Code sections 17202;

L.  For liquidated damages under the Labor Code;

M.  For statutory penalties under Labor Code section 203;

N.  That Defendants be enjoined from continuing the illegal course of conduct, alleged herein;

O.  That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200, *et seq.* of the California Business and Professions Code;

P.  That Defendants be enjoined from further acts of restraint of trade or unfair competition;

1      Q.  For civil penalties for each violation of the PAGA alleged herein;

2      R.  For attorneys' fees;

3      S.  For interest accrued to date;

4      T.  For costs of suit and expenses incurred herein; and

5      U.  For any such other and further relief as the Court deems just and proper.

6                          **<u>DEMAND FOR JURY TRIAL</u>**

7      Plaintiffs demand a jury trial.

8

9

10     Dated: April 30, 2020                    **MARA LAW FIRM, PC**

11

12                                              */s/ David Mara*
13                                              David Mara, Esq.
                                                Representing Plaintiffs on behalf of themselves, all
14                                              others similarly situated, and on behalf of the general
                                                public.
15

16

17     Dated: April 30, 2020                    **HUNTER PYLE LAW**

18

19                                              */s/ Hunter Pyle*
                                                Hunter Pyle, Esq.
20                                              Representing Plaintiffs on behalf of themselves, all
                                                others similarly situated, and on behalf of the general
21                                              public.

22

23

24

25

26

27

28