**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENSON M. SALES; ANDRE CLEMONS; ROBERT BEJAR; and MARTIN CHAVEZ on behalf of themselves, all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>UNITED ROAD SERVICES, INC.; URS MIDWEST, INC. and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 4:19-cv-08404-JST<br><br>**ORDER GRANTING PLAINTIFFS ROBERT BEJAR AND MARTIN CHAVEZ'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT \*AS MODIFIED\***<br><br>Re: ECF No. 95 |

## I. RECITALS

Before the Court is Plaintiffs Robert Bejar and Martin Chavez's Motion for Preliminary Approval of Class Action Settlement. This action is currently pending before this Court as a putative class action (the "Action"). Plaintiffs have applied to this Court for an order preliminarily approving the settlement of the Action in accordance with the Joint Stipulation of Settlement and Release of Class Action Claims (the "Joint Stipulation"), which together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and entry of judgment upon the terms and conditions set forth therein.

The Court has reviewed the Plaintiffs Robert Bejar and Martin Chavez's Motion for Preliminary Approval of Class Action Settlement filed by Plaintiffs Robert Bejar and Martin Chavez. The Court has considered the Memorandum of Points and Authorities in support of Plaintiffs Robert Bejar and Martin Chavez's Motion for Preliminary Approval of Class Action Settlement; the Declaration of David Mara, Esq., along with the attached exhibits including the Joint Stipulation; the Declaration of Hunter Pyle, Esq., along with the attached exhibits; and the Declaration of Kevin Taylor. For purposes of this Order, the Court adopts all defined terms as set forth in the Joint Stipulation.

## II. FINDINGS

After review and consideration of the Joint Stipulation and Plaintiffs Robert Bejar and Martin Chavez's Motion for Preliminary Approval and the papers in support thereof, the Court hereby finds and orders as follows:

1. The Joint Stipulation falls within the range of reasonableness meriting possible final approval.

2. The Joint Stipulation, and the obligations of the Parties as set forth therein, is fair, reasonable, and is an adequate settlement of this case and is in the best interests of the Class in light of the factual, legal, practical, and procedural considerations raised by this case.

3. The Class Notice attached as Exhibit 1 to the Joint Stipulation complies with due process because the Class Notice is reasonably calculated to adequately apprise Class Members

of: (i) the pending lawsuit; (ii) the terms of the proposed Joint Stipulation; and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement. Plaintiffs Robert Bejar and Martin Chavez's proposed plan for class notice and settlement administration is the best notice practicable under the circumstances and is in full compliance with the Federal Rules of Civil Procedure and the requirements of due process, and the Class Notice complies with the Federal Rules of Civil Procedure and the requirements of due process, and is appropriate as part of the proposed plan for notice to Class Members.

## III. ORDER

IT IS HEREBY ORDERED as follows:

1. The Court finds on a preliminary basis that the provisions of the Joint Stipulation, filed with the Court as Exhibit 1 to the Declaration of David Mara, Esq., are fair, just, reasonable, and adequate and, therefore, meet the requirements for preliminary approval. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000).

2. The Joint Stipulation provides for the following release as to Class Participants,[1] which is hereby approved conditionally: All claims that were plead in the Second Amended Complaint, including claims for unpaid minimum wages under Cal. Lab. Code §§ 558, 1182.1-1182.3, 1194, 1194.2, 1197, and 1198; unpaid meal and rest breaks under Cal. Lab. Code §§ 558, 226.7, and 512, Cal. Code Regs., tit. 8 § 11090, and IWC Wage Order No. 9-2011; failure to reimburse/illegal deductions under Cal. Lab. Code §§ 221 and 2802, and Cal. Regs., tit. 8 § 11090; related claims under California Labor Code §§ 201-3, 226, 204, 210; and claims for unlawful business practices under the California Business and Professions Code §§ 17200, *et seq*., as alleged in the Second Amended Complaint. The Released Class Claims shall be for the

---

[1] Class Participants are "[a]ny and all Class Member(s) who do not submit a timely and valid Opt-Out Request." On March 29, 2022, the Court granted certification of the following Class: "All individuals who signed Independent Contractor Service Agreements with URS, who were assigned to a business unit in California, and who drove in California at any time from November 18, 2015, to March 29, 2022."

Class Period.

3. Phoenix Settlement Administrators is appointed as Settlement Administrator.

4. The proposed payment of up to $20,000 in costs to Phoenix Settlement Administrators for its services as the Settlement Administrator is conditionally approved.

5. The Class Notice, in the form attached to the Joint Stipulation as Exhibit 1, is approved except:

    a. The Class Notice should indicate that the final approval hearing will be conducted via Zoom, with the link available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/;

    b. The Class Notice should contain the following information regard objections: Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Sales v. United Road Services, Inc.*, Case No. 4:19-cv-08404-JST), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400S, Oakland, CA 94612, and (c) be filed or postmarked on or before January 4, 2024."

6. The Settlement Administrator is ordered to mail the Class Notice to the Class Members as provided in the Joint Stipulation and to email the Class Notice to Class Members for whom Defendant has email addresses.

7. Each Class Member will have sixty-three (63) days after the date on which the

Settlement Administrator mails the Class Notice to object to the settlement by following the procedure set forth in the Class Notice.

8. Any Class Member who has submitted such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Approval and Fairness Hearing and object to the approval of the Joint Stipulation or the award of attorney's fees and reimbursement of expenses to Class Counsel. No Class Member, or any other person, shall be heard or entitled to contest the approval of the proposed Joint Stipulation, the judgment to be entered approving the same, or the award of attorney's fees and reimbursement of expenses to Class Counsel, unless that Class Member has submitted written objections in the manner set forth herein. The Parties may file any response to the objections submitted by objecting Class Members, if any, no later than seven (7) days before the Final Approval/Fairness Hearing.

9. Any Class Member who does not make his or her objection(s) in the manner so provided herein and in the Class Notice shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed settlement as incorporated in the Joint Stipulation and the award of attorney's fees and reimbursement of expenses to counsel and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

10. Each Class Member who wishes to be excluded from the class portion of the settlement shall mail a written request for exclusion to the Settlement Administrator. The request for exclusion must set forth the Class Member's name, information needed to be properly identified, and the Class Member's desire to request to be excluded from the Class portion of the settlement. Requests for exclusion must be submitted no later than sixty-three (63) days after the mailing of the Class Notice.

11. The Joint Stipulation also releases claims under the Private Attorneys General Act of 2004 ("PAGA"). These claims are asserted on behalf of PAGA Aggrieved Individuals defined as: "Class Members that worked at any time during the PAGA Period." PAGA Aggrieved Individuals may not request to be excluded from the PAGA portion of the settlement, including

the Released PAGA Claims. All PAGA Aggrieved Individuals will receive a portion of the PAGA Payment.

12. The Joint Stipulation provides for the following release as to PAGA Aggrieved Individuals, which is hereby approved conditionally: all claims asserted in the Operative PAGA letter and/or the Second Amended Complaint, including claims for unpaid minimum wages under Cal. Lab. Code §§ 558, 1182.1-1182.3, 1194, 1194.2, 1197, and 1198; failure to pay wages due for missed meal and rest breaks under Cal. Lab. Code §§ 226.7, and 512; failure to reimburse/illegal deductions under Cal. Lab. Code § 2802; and related claims under California Labor Code §§ 201-203, 204, 210, and 226, 226.3, and 226.8. The Released PAGA Claims shall be for the PAGA Period.

13. The Court also hereby conditionally approves and orders payment from the Gross Settlement Fund of the PAGA Payment of $126,325 (75% of which shall be paid to the Labor and Workforce Development Agency, and 25% of which shall be distributable to PAGA Aggrieved Employees).

14. The proposed awards of up to $1,875,000 in attorney's fees and up to $50,000 in actual costs payable to Class Counsel are conditionally approved.

15. If the Agreement is not finally approved by the Court or for any reason is terminated or the final date of the settlement does not occur for any reason whatsoever, the Joint Stipulation and the proposed settlement that is the subject of this Order, and all evidence and proceedings had in connections therewith, shall be without prejudice to the *status quo ante* rights of the Parties to the litigation, as more specifically set forth in the Joint Stipulation.

16. A hearing (the "Final Approval and Fairness Hearing") shall be held before the Honorable Jon S. Tigar, via Zoom at the link available at https://cand.uscourts.gov/judges/tigar-jon-s-jst/. At that time, the Court shall determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Joint Stipulation is fair, just, reasonable and adequate and should be finally approved; (b) whether judgment as provided in the Joint Stipulation should be entered herein; (c) whether to approve Class Counsel's application for an

award of attorney's fees and costs; (d) whether to approve of the payment to the Labor and Workforce Development Agency in accordance with the Private Attorneys General Act of 2004; and (e) whether to approve of the payment of expenses to the Settlement Administrator. The Court may continue or adjourn the Final Approval and Fairness Hearing without further notice to members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement, with such modifications as may be agreed to by the parties to the settlement, if appropriate, without further notice to the Class.

17. The motion for final approval shall address the final approval guidelines in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, in the order the guidelines are presented on the website. As reflected in the Guidance, the Court will require a post-distribution accounting within 21 days after the distribution of settlement funds. The Court will typically withhold between 10% and 25% of the attorney's fees granted at final approval until after the post-distribution accounting has been filed. The final approval motion should specify what percentage class counsel believes it is appropriate to withhold and why. The motion for final approval shall also address why fewer than all of the named plaintiffs executed the settlement agreement.

18. During the Court's consideration of the settlement and pending further order of the Court, all proceedings in this case, other than proceedings necessary to carry out the terms and provisions of the Joint Stipulation, or as otherwise directed by the Court, are hereby stayed and suspended.

## IV.   TIMELINE

The Court adopts the following case deadlines:

/ / /

/ / /

/ / /

| | |
|---|---|
| Class Data due to the Settlement Administrator | October 19, 2023 |
| Settlement Administrator's Deadline to Mail and Email Class Notices | November 2, 2023 |
| Settlement Administrator's Deadline to Set Up Settlement Website | November 2, 2023 |
| Deadline to File Motion for Attorney's Fees | November 30, 2023 |
| Deadline for Class Members to Object to the Settlement | January 4, 2024 |
| Deadline for Class Members to Request to be Excluded from the Settlement | January 4, 2024 |
| Deadline for Class Members with Remailed Notices to Request to be Excluded from or Object to the Settlement | January 8, 2024 |
| Deadline to File Final Approval Motion | February 8, 2024 |
| Final Approval/Fairness Hearing | March 7, 2024 at 2:00 p.m. |

**IT IS SO ORDERED.**

Date: September 26, 2023

_____
Honorable Jon S. Tigar
United States District Judge