UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENSON M. SALES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED ROAD SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-08404-JST<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY**<br><br>Re: ECF No. 131 |

Attorneys David Mara and Jill Vecchi of Mara Law Firm, P.C., and Hunter Pyle and Andrea A. Núñez of Hunter Pyle Law, P.C., counsel for Plaintiffs (collectively, "Counsel"), have moved to withdraw as counsel for class representatives Denson M. Sales and Andre Clemons only. ECF No. 131. The Court will grant the motion.

## I. BACKGROUND

Because the facts and procedural history of this action are well-known to the parties, the Court recites only the facts necessary to resolution of the motion.

In sum, Plaintiffs brought this class action on behalf of truck drivers who contract with Defendant United Road Services to challenge their classification as independent contractors rather than as employees. ECF No. 1-1. On March 29, 2022, this Court certified a class to pursue the following claims: (1) failure to reimburse business expenses, in violation of California Labor Code § 2802; (2) failure to pay all straight time wages at the statutory minimum wage; (3) failure to properly itemize wage statements, in violation of California Labor Code § 226; (4) failure to pay all wages due at termination, in violation of California Labor Code § 203; and (5) violation of California's unfair competition law, Bus. & Prof. Code § 17200. ECF No. 53. Named plaintiffs Denson M. Sales and Andre Clemons were appointed as class representatives. *Id.* at 15.

1   Plaintiffs' second amended complaint, filed on May 18, 2023, named Robert Behar and Martin

2   Chavez as additional class representatives. ECF No. 90.

3       The parties filed a notice of settlement on June 28, 2023. ECF No. 93. Bejar and Chavez

4   filed a motion for preliminary approval of the proposed settlement, ECF No. 95, which the Court

5   granted on September 26, 2023, ECF No. 98. The motion noted that Plaintiffs Clemons and Sales

6   did not sign the settlement agreement. ECF No. 95 at 8 n.1. Bejar and Chavez filed a motion for

7   final approval of the settlement on February 8, 2024, ECF No. 143, and the Court conducted a

8   final approval hearing on March 7, 2024, *see* ECF No. 147.

9       On November 8, 2023, Sales objected to the settlement. ECF No. 101. Clemons's

10  objection followed on November 14, 2023. ECF No. 102. On December 4, 2023, Sales filed a

11  letter informing the Court that Counsel planned to file a motion to withdraw from representing

12  Sales and Clemons due to their objections to the settlement. ECF No. 124. Sales attached copies

13  of email correspondence between Counsel and Sales and Clemons to his filing. *Id.*

14      On December 14, 2023, Counsel moved to withdraw as counsel for Sales and Clemons.

15  ECF No. 131. On December 22 and 26, 2023, respectively, Sales and Clemons filed separate but

16  substantively identical letters opposing the motion. ECF No. 135 (opposition letter signed by

17  Sales); ECF No. 137 (opposition letter signed by Clemons). Counsel filed a reply on January 4,

18  2024. ECF No. 139.

19  **II.    LEGAL STANDARD**

20      "Counsel may not withdraw from an action until relieved by order of Court after written

21  notice has been provided, reasonably in advance, to the client and to all other parties who have

22  appeared in the case." Civil L.R. 11–5(a). Civil Local Rule 11–4(a)(1) requires compliance with

23  the standard of professional conduct required of members of the State Bar of California. *See also*

24  *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional

25  Conduct to attorney withdrawal). California Rule of Professional Conduct 1.16(b)(4) provides for

26  withdrawal if the client "renders it unreasonably difficult for the lawyer to carry out the

27  representation effectively" and the attorney obtains requisite permission from the tribunal.

28      "The decision to permit counsel to withdraw is within the sound discretion of the trial

United States District Court
Northern District of California

1  court." *BSD, Inc. v. Equilon Enterprises, LLC*, 2013 WL 942578, at *1 (N.D. Cal. Mar. 11, 2013)
2  (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)). In ruling on a motion to
3  withdraw, courts consider: "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal
4  may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice;
5  and 4) the degree to which withdrawal will delay the resolution of the case." *Riese v. County of
6  Del Norte*, 2013 WL 6056606, at *1 (N.D. Cal. Nov. 14, 2013).

**III.   DISCUSSION**

Counsel request to withdraw because it would be "unreasonably difficult" for them to represent both the objecting named plaintiffs and the rest of the class. ECF No. 131 at 4 (citing California Rule of Professional Conduct 1.16(b)(4)). They identify their November 2023 email to Sales and Clemons, *see* ECF No. 124, as the notice required by this district's Local Rules and the California Rules of Professional Conduct. *See* ECF No. 131 at 5. Because Sales and Clemons received notice and will remain able to opt out of or object to the settlement, Counsel argue that the requested withdrawal would not result in prejudice. *Id.* Counsel also assert that their withdrawal would eliminate "potential confusion" regarding "whether Class Counsel represents [Sales and Clemons] in [their] objections" to the settlement. *Id.*

Sales and Clemons oppose Counsel's request. They contend that it would not be difficult for Counsel to continue to represent them because they have fulfilled their duties as class representatives throughout the case and because they are objecting to the settlement in good faith "for the best interest of the class." ECF Nos. 135, 137. They point out that many other class members share their objections to the settlement and their concerns that Counsel has not provided the class with requested information. ECF Nos. 135, 137. Sales and Clemons also state that they "opposed" Counsel's decision to add Bejar and Chavez as class representatives "to no avail." ECF Nos 135, 137. They urge the Court to deny Counsel's motion so that they may "remain as class representatives on the case." ECF Nos. 135, 137.

"Numerous courts have held that class counsel has a duty to do what is in the best interests of the class, even if some class representatives disagree." *White v. Experian Info. Sols., Inc.*, 2009 WL 10670553, at *12 (C.D. Cal. May 7, 2009) (collecting cases); *see also, e.g.*, *Walsh v. Great*

*Atl. &Pac. Tea Co.*, 726 F.2d 956, 964 (3d Cir. 1984) ("Class counsel's duty to the class as a whole frequently diverges from the opinion of either the named plaintiff or other objectors."). Here, Sales and Clemons object to the settlement that this Court preliminarily has approved, ECF No. 98, and that class counsel, along with class representatives Chavez and Bejar, believe to be in the best interest of the class. If the Court does not permit withdrawal, Counsel will be in the untenable position of advocating both for and against the settlement at the final approval hearing. Withdrawal is "the only ethical and proper means for resolving the conflict" that will inevitably manifest "between [the objectors'] position and that of the other class members represented by [their] attorney." *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 21 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981); *see Nunez v. BAE Sys. San Diego Ship Repair Inc.*, 292 F. Supp. 3d 1018, 1059–60 (S.D. Cal. 2017) (citing *Heit v. Van Ochten*, 126 F. Supp. 2d 487, 494 (W.D. Mich. 2001)).

Because Counsel may not concurrently represent both the settlement class and objecting named plaintiffs, the Court finds that granting Counsel's motion to withdraw from representing Sales and Clemons is "the appropriate and ethical course." *Ellis*, 87 F.R.D. at 19; *see also Waldrup v. Countrywide Fin. Corp.*, 2020 WL 1529257, at *3 (C.D. Cal. Mar. 30, 2020) (permitting class counsel "to withdraw from representing [objecting named plaintiff] in any capacity, other than as class counsel if she chooses to remain in the class").[1]

**IT IS SO ORDERED.**

Dated: April 9, 2024

JON S. TIGAR
United States District Judge

---

[1] The Court notes that although their objections do not automatically disqualify Sales and Clemons as class representatives and Counsel has not asked the Court to remove them as class representatives, Counsel's withdrawal will lead to that result. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (per curiam) (holding that "[a] litigant appearing in propria persona has no authority to represent anyone other than himself"); *Cevallos v. City of Los Angeles*, 914 F. Supp. 379, 385 (C.D. Cal. 1996) ("It is well established that a layperson ordinarily cannot represent the interests of a class of other plaintiffs.").

4